UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JASON ALAN SMITH,<br><br>                Plaintiff,<br><br>    v.<br><br>CITY OF BREMERTON,<br><br>                Defendant. | CASE NO. 3:19-CV-6199-BHS-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: April 17, 2020 |

      Plaintiff Jason Allen Smith, proceeding *pro se*, filed this action alleging violations of his constitutional rights. *See* Dkt. 6. The District Court has referred Plaintiff's pending Application to Proceed *In Forma Pauperis* ("IFP") and Proposed Complaint to United States Magistrate Judge David W. Christel pursuant to Amended General Order 02-19.

      Having reviewed and screened Plaintiff's Proposed Amended Complaint under 28 U.S.C. § 1915(e)(2), the Court finds Plaintiff has failed to state a claim. The Court recommends the Application to Proceed IFP be denied and the Proposed Amended Complaint be dismissed.

## I. Background

### A. *Procedural History*

On January 6, 2020, the undersigned reviewed Plaintiff's Proposed Complaint and determined it failed to state a claim upon which relief could be granted. Dkt. 3. The Court dismissed the Proposed Complaint and directed Plaintiff to file an amended pleading that could cure the deficiencies identified by the Court. *Id*. On February 6, 2020, Plaintiff filed a response to the Court's Order. Dkt. 3. The Court instructed Plaintiff to file an amended complaint or face dismissal of this action. Dkt. 5. Plaintiff filed the Proposed Amended Complaint on March 6, 2020. Dkt. 6.

### B. *Factual Allegations*

In the Proposed Amended Complaint, Plaintiff alleges his constitutional rights were violated arising from a series of events related to an initial encounter with Bremerton police officers. *See* Dkt. 6. Plaintiff contends Officer Ejde violated Plaintiff's constitutional rights in an AutoZone parking lot by retaliating and using excessive force against Plaintiff. *Id*. at p. 10. He contends Sergeant Garrity failed to intervene and refused to document Plaintiff's complaint. *Id*. Later, Plaintiff's vehicle was vandalized and Plaintiff believes Tom Wolfe, a police officer, was aware the police would make a pretextual stop regarding Plaintiff's vehicle tabs. *Id*. at p. 11. Plaintiff states his brakes were damaged after the pretextual stop. *Id*. at p. 12. After someone tampered with Plaintiff's brakes, Sheriff Deputy McGovern refused to document Plaintiff's complaint regarding Plaintiff's ongoing issues with the Bremerton Police Department. *Id*. Plaintiff states he contacted the mayor, but the mayor's responses seemed to be timed with the acts of vandalism to his vehicle. *Id*. Plaintiff also states he filed five lawsuits with the city attorney and all the lawsuits were denied by the city attorney's office. *Id*. Plaintiff does not name Ejde, Garrity, Wolfe, or McGovern as defendants in this action. *See* Dkt. 6.

## II. Discussion

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the "privilege of pleading *in forma pauperis* . . . in civil actions for damages should be allowed only in exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986). The Court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

Notwithstanding IFP status, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP complaint that fails to state a claim). An IFP complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In the Proposed Amended Complaint, Plaintiff alleges his constitutional rights were violated under 42 U.S.C. § 1983. Dkt. 6. To state a claim for relief under § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Plaintiff names the City of Bremerton, City Attorney Roger Lubovich, Mayor Greg Wheeler, and Bremerton Police Chief Jim Burchett as Defendants in this action. *See* Dkt. 6. The Proposed Amended Complaint, however, contains no allegations regarding any wrong-doing by the City of Bremerton or Chief Burchett. *See* Dkt. 6, pp. 10-12. While the allegations in his Proposed Amended Complaint appear to have occurred in Bremerton, Washington and involve the Bremerton Police Department, Plaintiff has not explained how the City of Bremerton or Defendant Burchett violated his constitutional rights. Therefore, Petitioner failed to state a claim against the City of Bremerton and Defendant Burchett.

Further, the Proposed Amended Complaint contains only bare allegations against Defendants Lubovich and Wheeler. *See id*. at p. 12. Plaintiff alleges he "filed five tort claims with the city attorney" and all his "claims were denied by the city attorney['s] office." *Id*. Plaintiff does not allege facts showing Defendant Lubovich, the city attorney, was in receipt of Plaintiff's claims or was the individual responsible for denying the claims. *See id*. Regardless, Plaintiff has not shown how the alleged denial of his claims by the city attorney's office violated his constitutional rights.

1    Plaintiff also contends he contacted "the mayor seeking official assistance to resolve the
2 issues" and the mayor's responses "seemed to be very oddly timed with the acts of vandalism
3 and destruction to the car brakes." *Id*. There are no allegations regarding Defendant Wheeler's
4 alleged responses to Plaintiff's requests for assistance, nor any explanation regarding the
5 assistance Plaintiff sought. Moreover, there are no allegations Defendant Wheeler violated
6 Plaintiff's constitutional rights or vandalized Plaintiff's vehicle. These thread-bare allegations
7 are insufficient to state a claim against either Defendant Lubovich or Wheeler.

8    As Plaintiff has provided only conclusory allegations that fail to show his constitutional
9 rights were violated by the named Defendants, the Proposed Amended Complaint fails to state a
10 claim upon which relief can be granted. *See Iqbal*, 556 U.S. at 678 (2009) (a pleading must be
11 more than an "unadorned, the-defendant-unlawfully-harmed-me accusation"); *see also Twombly*,
12 550 U.S. at 545 (to state a claim for relief, "[f]actual allegations must be enough to raise a right
13 to relief above the speculative level").

14   The Ninth Circuit has "established that a pro se litigant bringing a civil rights suit must
15 have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they
16 cannot be overcome by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987).
17 Plaintiff has been allowed to amend his Proposed Complaint and the Court instructed Plaintiff
18 regarding the deficiencies of his Proposed Complaint. *See* Dkt. 3. The Court also instructed
19 Plaintiff that he must allege facts showing how individually named defendants caused, or
20 personally participated in causing, the harm alleged to state a claim for relief. *Id*. Furthermore,
21 Plaintiff is proceeding in a separate case on the underlying events alleged in the Proposed
22 Amended Complaint. *See Smith v. Bremerton Police Department, et al.*, 3:19-CV-5479-BHS
23 (W.D. Wash.). Therefore, the Court recommends Plaintiff not be given additional leave to
24 amend. *See Swearington v. California Dep't of Corr. & Rehab.*, 624 F. App'x 956, 959 (9th Cir.

2015) (finding the district court did not abuse its discretion in dismissing without leave to amend because the plaintiff did not cure the complaint's deficiencies despite the district court's specific instructions about how to do so); *see also Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco,* 792 F.2d 1432, 1438 (9th Cir.1986) ("The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint.").

### III.  Conclusion

As Plaintiff has failed to state a claim upon which relief may be granted, the Court recommends the Application to Proceed IFP (Dkt. 1) be denied and this case be dismissed without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on April 17, 2020, as noted in the caption.

Dated this 27th day of March, 2020.

David W. Christel
United States Magistrate Judge