UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JASON ALAN SMITH,<br><br>                 Plaintiff,<br><br>    v.<br><br>CITY OF BREMERTON,<br><br>                 Defendant. | CASE NO. C19-6199 BHS<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable David W. Christel, United States Magistrate Judge, Dkt. 7, and Plaintiff Jason Alan Smith's ("Smith") objections to the R&R, Dkt. 8.

On December 12, 2019, Smith filed a motion for leave to proceed in forma pauperis, a proposed complaint, and a motion to appoint counsel. Dkt. 1. On January 6, 2020, Judge Christel dismissed the complaint without prejudice, granted leave to amend, and renoted Smith's motion to proceed in forma pauperis. Dkt. 3. On February 6, 2020, Smith responded. Dkt. 4. On February 21, 2020, Judge Christel ordered Smith to file an amended complaint and renoted Smith's application to proceed in forma pauperis. Dkt. 5.

ORDER - 1

On March 6, 2020, Smith filed a proposed amended complaint. Dkt. 6. On March 27, 2020, Judge Christel issued the R&R recommending that the Court deny Smith's application to proceed in forma pauperis and dismiss Smith's claims without prejudice. Dkt. 7. On April 16, 2020, Smith filed objections. Dkt. 8.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.  Fed. R. Civ. P. 72(b)(3).

Smith's proposed amended complaint names four defendants—the City of Bremerton ("City"), City Attorney Roger Lubovich ("Lubovich"), Mayor Greg Wheeler ("Wheeler"), and Bremerton Police Chief Jim Burchett ("Burchett"). Dkt. 6. It describes a series of events beginning with an incident where Smith was detained on November 23, 2018 by members of the Bremerton Police Department, Smith's subsequent attempt to report the incident, and two instances of damage to his vehicle (vandalism including license plate tab defacement, as well as later removal of a brake caliper bolt) that he suspects were caused by the police. *Id.* Following these events, Smith asked Wheeler for assistance and filed five tort claims with the City Attorney's office. *Id.*

In his objections, Smith first requests that the Court vacate the referral to Judge Christel, arguing that referral to a magistrate judge is inappropriate because the referral is on a dispositive matter. Dkt. 8 at 1. This objection is without merit, because Fed. R. Civ. P. 72(b) permits referral of dispositive motions to a magistrate judge. The magistrate judge then reviews the motion and provides a recommended disposition which the district

judge then reviews and accepts, rejects, or modifies after the parties are afforded time to file objections. Fed. R. Civ. P. 72(b)

Second, Smith refers to video and audio evidence, which he argues is on file with the Clerk's office along with a copy of a letter from the City Attorney's office denying the five tort claims he filed. *Id*. at 4.[1] Smith argues Judge Christel should have considered this evidence and should consider that he can gather other evidence supporting his claims. *Id*. at 4–6. However, proof of Smith's allegations is not relevant to the question of whether his proposed amended complaint states a claim against the named defendants. In considering whether a complaint states a claim, Judge Christel was required to, and did, assume that the facts Smith pled are true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Third, Smith argues that he did not consent to have his case heard by a magistrate judge, and it was thus inappropriate for Judge Christel to dismiss his first proposed complaint. Dkt. 8 at 3 (citing Dkt. 3). However, when a party seeks to proceed in forma pauperis, the Court must screen the complaint to determine whether it states a claim. *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (citing 28 U.S.C. § 1915(e)). *See also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (28 U.S.C. § 1915(e)(2)(B) is not limited to prisoners). Judge Christel's initial screening order, Dkt. 3, issued on January 6, 2020, was non-dispositive—it determined Smith's proposed complaint did not state a claim, granted leave to amend, and renoted his petition to proceed in forma pauperis. *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

---

[1] Smith appears to refer to filings in his other pending case, C19-5479-BHS, Dkt. 7, Objections/Response to R&R, and Dkt. 8, Notice of Filing SD Media Card with Digitized Evidence.

Objections to a magistrate's order in a non-dispositive matter must be made within 14 days. Fed. R. Civ. P. 72(a). Even if Smith's objection was timely, it is without merit as Judge Christel's order concluding Smith had failed to state a claim against the named defendants was not "clearly erroneous" or "contrary to law" for the same reasons the instant proposed amended complaint fails to state a claim against the named defendants. *Id*.

Fourth, Smith disputes Judge Christel's characterization of the facts alleged in his proposed amended complaint. Dkt. 8 at 5–7. The problem, as Judge Christel explained, is that even liberally construed, the complaint does not plausibly allege facts showing how the named defendants—the City, Lubovich, Wheeler, or Burchett—caused or personally participated in causing constitutional injuries or violations of federal law. Dkt. 7 at 4. Smith provides conclusory additional allegations in his objections, arguing that his suit is for hiring "faulty agents and officers," for "what must be a dismal lapse in training," for retaining the "faulty agents and officers," for failing to protect Smith and supporting retaliatory actions against him, and for not investigating his early complaints. Dkt. 8 at 12.

A local government may be held liable under 28 U.S.C. § 1983 "when implementation of its official policies or established customs inflicts the constitutional injury," *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691–92 (1978), when an omission such as a pervasive failure to train amounts to an official policy, *Clouthier v. Cty. of Contra Costa*, 591 F.3d 1232, 1249 (9th Cir. 2012) *overruled on other grounds by Castro v. Cty. of LA*, 833 F.3d 1060, 1070 (9th Cir. 2016), or when an official with final policy-

making authority "ratified a subordinate's unconstitutional decision or the action and the basis for it," *Gilette v. Delmore*, 979 F.2d 1342, 1346–47 (9th Cir. 1992). Judge Christel previously informed Smith that he should allege facts showing how the named defendants caused or personally participated in causing the harm alleged and what specific constitutional right that harm infringed. Dkt. 3 at 4 (citing *Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981)). Smith's proposed amended complaint does not describe the policies or customs he believes caused harm or how they are attributable to the City, does not identify the type of training he believes is lacking or how that lack of training amounts to an official policy, and does not explain how the policies, customs, or actions he describes were created or caused by the City or through the personal participation of Burchett, Lubovich, or Wheeler. Nor does it explain how Lubovich or Wheeler's alleged conduct violated a particular constitutional right. Even liberally construing a complaint, the Court "may not supply essential elements of the claim that were not initially pled." *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Therefore, Smith's objections to the R&R's characterization of his allegations are without merit.

The Court having considered the R&R, Smith's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) Smith's application to proceed in forma pauperis, Dkt. 1, is **DENIED** and the case is **DISMISSED without prejudice**; and

(3)  The Clerk shall enter a **JUDGMENT** and close the case.

Dated this 7th day of July, 2020.

BENJAMIN H. SETTLE
United States District Judge